IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-866-JLK

CHEAT CODE CENTRAL, LLC, a Colorado Corporation, and
DAVID MITCHELL ALLISON,

      Plaintiffs,

v.

JEREMY N. WISE, an individual,
WISE ONLINE, LLC, an Ohio Limited Liability Corporation, and
WISE BUY NOW, LLC, an Ohio Limited Liability Corporation,

      Defendants.

_____

ORDER GRANTING MOTION FOR LIMITED JURISDICTIONAL DISCOVERY
_____

KANE, J.

      This diversity unfair competition and copyright infringement action is before me on Defendants' Motion to Dismiss for lack of personal jurisdiction (Doc. 17). Plaintiffs, makers and purveyors of web-based "cheat codes" that provide hints and tricks for navigating a consumer's computer gaming experience, are Colorado residents who claim Defendants copied content from their website and used it to create a "cheat code" iPhone app being sold on iTunes. Defendants, who are Ohio residents, deny any substantial or minimal contacts with Colorado and deny that selling content via iTunes nationally establishes "specific jurisdiction" sufficient to permit the exercise of specific jurisdiction over them in Colorado.

This case has a long history, with Allison having already failed once in efforts to hale Wise to court in Colorado on "cheat code" infringement claims. In a decision issued on December 26, 2007, Judge Blackburn found Wise had insufficient contacts with Colorado to justify exercising personal jurisdiction over him on Allison's claims, and dismissed Mr. Allison's civil action.  *See* Order Granting Def.'s Mot. to Dismiss, published as *Allison v. Wise*, 621 F. Supp.2d 1114 (D. Colo. 2007)(*Allison I*).  The dispute has apparently escalated since then, and when Wise began selling Allison's "cheat code" information on iTunes, Mr. Allison filed this second action.

I have reviewed the briefs and the relevant authorities, and find the introduction of iTunes sales allegations sufficient to distinguish *Allison I* on its face.  And while I tend to agree with the district court's analysis on the impact of plaintiff's "own purchase of a single copy of [defendant]'s work on iTunes" on establishing personal jurisdiction, I am disinclined to posit that view as grounds for dismissing this second lawsuit between Messrs. Allison and Wise without additional information.  This dispute is entrenched and ought to be resolved.  Accordingly,

The Motion for Leave to Conduct Limited Jurisdictional Discovery (Doc. 36) is GRANTED.  The parties shall CONFER and SUBMIT for the Court's approval a Proposed Jursidictional Discovery Order providing for the limited jurisdictional discovery necessary to an analysis of personal jurisdiction under *Soma Med. Int'l v. Standard Chartered Bk.*, 196 F.3d 1292 (10th Cir. 1999)(jurisdiction via internet website) and the *Erickson* case (jurisdiction via iTunes sales).  The Proposed Order shall be filed as a

"Notice" event in the Court's CM/ECF filing system, and shall be provided to the Court in editable format emailed to Kane_Chambers@cod.uscourts.gov.  Defendant's Motion to Dismiss (Doc. 17) is DENIED with leave to re-file as a Motion for Summary Judgment after the discovery is completed.

Dated this 13th day of March, 2015, at Denver, Colorado.

**s/John L. Kane**
SENIOR U.S. DISTRICT JUDGE